IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| W. J. MINNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 04-2778-T |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING AWARD OF ATTORNEY FEES

The plaintiff, W. J. Minner, filed this action to obtain judicial review of the Defendant Commissioner's final decision denying his application for disability insurance benefits and supplemental security income benefits under the Social Security Act. On April 19, 2005, the Court entered an agreed order reversing the Commissioner's decision and remanding for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g). Plaintiff has now filed a motion for an award of attorney fees in the amount of $3,300.70, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

Under the EAJA, the court shall:

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of

agency action, brought by or against the United States . . . , unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A social security plaintiff who obtains a sentence-four remand is a prevailing party under the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The EAJA also sets out guidelines regarding the amount of attorney fees that should be awarded:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In this case, counsel for the plaintiff, Lester T. Wener, has submitted an itemization for 7.75 hours of work at $144.79 per hour and 14.75 hours of work at $147.70 per hour. Although it is not specifically argued, plaintiff apparently contends that a higher hourly rate is justified due to increases in the cost of living.[1]

The Commissioner has filed no response to plaintiff's request for fees, thus conceding that her position was not substantially justified. In addition, there are no special circumstances that would make an award unjust. Consequently, plaintiff is entitled to an award of attorney fees.

The Court finds that the 22.5 hours expended by counsel in this case is reasonable. However, notwithstanding the Commissioner's failure to object, the Court concludes that

---

[1] Along with his itemization, counsel has submitted pages from a cost-of-living "calculator" found on the website of the American Institute for Economic Research to demonstrate how he arrived at the requested hourly rate.

2

the increased hourly rate requested by counsel is not justified and that fees should be awarded at the statutory rate of $125 per hour. Accordingly, the Court hereby awards attorney fees under the EAJA in the amount of $2,812.50.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_14 July 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:04-CV-02778 was distributed by fax, mail, or direct printing on July 18, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Lester T. Wener
MCWHORTER & WENER
100 N. Main Street
Ste. 1234
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT